### DONALD S. S. CO., Inc., v. LEWIS.

(Supreme Court, Appellate Term, First Department.  December 4, 1914.)

COURTS (§§ 188, 189*)—MUNICIPAL COURT—JURISDICTION.

An accounting between partners is not within the jurisdiction of the City Court, and a complaint therefor should be dismissed without prejudice to the right to sue in a court of competent jurisdiction; and hence a directed verdict for defendant was error.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. §§ 188, 189.*]

Appeal from City Court of New York, Trial Term.

Action by the Donald Steamship Company against Thomas J. Lewis. From a judgment dismissing its first cause of action, and from a judgment upon a directed verdict for defendant, plaintiff appeals. Modified and affirmed.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Ralph James M. Bullowa, of New York City (Emilie M. Bullowa, and Ralph James M. Bullowa, both of New York City, of counsel), for appellant.

Henry Woog, of New York City, for respondent.

PER CURIAM.  In our view of this case, both causes of action alleged in the complaint involve an accounting between copartners. The causes of action were not, therefore, within the jurisdiction of the City Court, and the complaint as to each cause of action should have been dismissed without prejudice to the rights of the plaintiff to bring a new action in a court of competent jurisdiction.  The learned court below properly dismissed the first cause of action, but erroneously directed judgment for the defendant upon the second cause of action.

The judgment is modified, by providing that the complaint be dismissed as to the first and second cause of action, and, as thus modified, affirmed, without costs of the appeal to either party.